**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICARDO PAOLO ELESCANO RODRIGUEZ (A No. 243-146-034), | Case No. 1:26-cv-03001-JLT-SAB |
| Petitioner, | ORDER GRANTING IN PART THE PETITION FOR HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING |
| v. | |
| WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al., | (Doc. 1) |
| Respondents. | |

## I.    INTRODUCTION

Before the Court is Ricardo Paolo Elescano Rodriguez's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the petition (Doc. 1).

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.    FACTUAL BACKGROUND

Petitioner is citizen of Peru who entered the United States on or around October 8, 2022, where he was encountered by U.S. Border Patrol and released on his own recognizance.[1] (Doc. 7-1 at 2.) At that time, Border Patrol issued a Notice to Appear but never filed it with the immigration system. (*See id*.) On February 25, 2026, Immigration and Customs Enforcement issued a new Notice to Appear to initiate removal proceedings. (Doc. 7-1 at 2.) Petitioner has a pending asylum application and is not currently subject to a final order of removal.[2] (Doc. 1 at 4–5.) Though Petitioner has accrued multiple criminal charges over the past few years, he has not been convicted. (Doc. 7-1 at 2; *see also* Doc. 7-2 at 2–5.) Specifically, on May 27, 2023, Petitioner was charged with assault and domestic violence in the presence of a child—both charges were dismissed without prejudice on July 23, 2024. (*See* Doc. 7-2 at 3–4.) On December 23, 2025, Petitioner was again charged with assault, and these charges are currently pending. (*See id*. at 4–5.) On February 25, 2026, while at a court hearing related to his pending assault charges, ICE arrested the Petitioner. (Doc. 7-1 at 2.) In his petition, Petitioner acknowledged his recent assault charge, suggested it involved domestic violence against his wife, and expressed a desire to rehabilitate. (*See* Doc. 1 at 6.) Petitioner also indicates that he is the primary provider

---

[1] Petitioner claims that he was admitted into the country by Border Patrol Agents in 2022 at Tucson, Arizona. Though the I-213 initially indicates that Petitioner entered October 8, 2022 "without inspection by U.S. Immigration Officers" and at a "location [which] was not designated as a port of entry," the I-213 then goes on to state that Petitioner was in fact "encountered by U.S. Border Patrol" that day. (See Doc. 7-1 at 2.) Further, Respondents acknowledge in their opposition that the agency made a "previous determination to grant release." (Doc. 7 at 3.) Accordingly, the Court concludes that Petitioner was released on his own recognizance into the interior of the country on or around 2022.

[2] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration case was opened February 26, 2026, is currently pending, and has an upcoming hearing scheduled for May 12, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited April 30, 2026). Petitioner further indicates that he is in removal proceedings and is pursuing asylum relief. (Doc. 1 at 4–5.)

for his wife and three-year-old son who has autism. (*Id*. at 5.) Petitioner is currently detained at California City Immigration Processing Center in California. (*Id*. at 3.)

### IV.    DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 7 at 1–3.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Respondents argue that Petitioner's recent encounter with law enforcement terminated his previous period of release. (*See* Doc. 7 at 3.) Though that charge has not rendered a final conviction, the Court finds that considering the recent assault/ domestic violence charge, the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk.

For the foregoing reasons, the Court **ORDERS:**

1.     The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART** for the reasons stated in the orders cited above;

2.     **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an

immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3.    Prior to the bond hearing, the Petitioner **SHALL** receive meaningful notice of the scheduled hearing and **SHALL** be entitled to appear at the hearing.

4.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    **April 30, 2026**

UNITED STATES DISTRICT JUDGE