**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

RICARDO PAOLO ELESCANO RODRIGUEZ,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-03001-JLT-SAB

ORDER DENYING PETITIONER'S MOTION TO ENFORCE; AND DENYING PETITIONER'S REQUEST TO APPOINT COUNSEL

(Doc. 13)

## I. INTRODUCTION

Before this Court is a motion by Ricardo Paolo Elescano Rodriguez to enforce this Court's April 30, 2026, order requiring Respondents to provide Petitioner with a substantive bond hearing before an Immigration Judge. (Doc. 13.) For the reasons set forth below, the Court **DENIES** the motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This Court has summarized the factual and procedural history behind this action in a previous order and incorporates that by reference here. (*See* Doc. 10.) On April 30, 2026, this Court granted the petition for writ of habeas corpus, holding that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. (Doc. 10 at 3.) The Court further ordered Respondents to provide Petitioner with a constitutionally compliant

bond hearing before an Immigration Judge ("IJ") at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to justify denial of bond. (*Id*.)

On May 13, 2026, a bond hearing was held pursuant to this Court's April 30, 2026 habeas corpus order. (Doc. 15; *see also* Digital Audio Recording ("DAR ").) Petitioner appeared at the hearing without an attorney and the IJ noted for the record that Petitioner had knowingly and intelligently waived his right to an attorney. (*See* DAR at 1:34 – 2:13.) The IJ denied bond, finding that Respondents had met their burden to prove by clear and convincing evidence that Petitioner presents a danger to the community given his recent arrest in Utah for assault. (*Id*. at 19:23 – 21:50.) Specifically, the IJ found that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E) – otherwise known as the Laken Riley Act – given that his arrest for assault was a qualifying crime under the statute. (*Id*.)

On June 15, 2026, Petitioner filed a motion to enforce, arguing that his continued detention without an adequate bond hearing violates this Court's prior habeas corpus order and, necessarily, his Fifth Amendment due process rights. (*See generally,* Doc. 13.) Specifically, Petitioner contends that Respondents failed to prove by clear and convincing evidence that Petitioner posed a danger to the community, given that he has no felony convictions. (*Id*. at 2.) Petitioner requests that the Court appoints counsel to assist him. (*Id*.)

## III. LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). Habeas courts may also review questions of pure law *de novo*. *See Singh v. Holder*, 638 F.3d 1196, 1202-03 (9th Cir. 2011).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal

standard." *Id*. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

## IV. ANALYSIS[1]

Having carefully considered and reviewed Petitioner's submissions and the digital audio recording of the May 13, 2026, bond hearing, the Court finds that that Petitioner has not demonstrated that Respondents failed to comply with its prior habeas order. As to the IJ's assessment of danger, that is not a question for this Court. Complaints about application of BIA case law to Petitioner and IJ's weighing of factors must be presented through the normal immigration appeal process.

Petitioner also asks this Court to appoint counsel in his habeas action. (Doc. 13.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, Petitioner has not demonstrated that Respondents failed to comply with its prior habeas order and therefore, has not demonstrated why further relief would be appropriate in this case. Accordingly, the interests of justice do not require appointment of counsel.

---

[1] This Court has previously waived the prudential exhaustion requirement in procedurally similar cases. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (finding that petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (holding that where a Petitioner seeks to enforce a prior habeas order in which an explicit finding of irreparable harm due to continued detention was made, such a previous finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement); *SEHAJVEER SINGH (A-No. 245-003-055), Petitioner, v. WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., Respondents*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at *3 (E.D. Cal. May 13, 2026) (same). The Court therefore adopts the reasoning of the above-mentioned cases and waives the prudential exhaustion requirement here on similar grounds.

## V. CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's motion to enforce the Court's earlier order (Doc. 13.) is **DENIED**. The case remains **CLOSED**.

IT IS SO ORDERED.

Dated: _July 24, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE